IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TOMORIA TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19CV775 |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a *pro se* prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) The State has filed an answer (Docket Entry 5), a motion for summary judgment (Docket Entry 6), and a brief in support (Docket Entry 7). Petitioner, in turn, filed a response to the motion for summary judgment. (Docket Entry 9.) This matter is now ready for a ruling.

## Background

On July 17, 2018, Petitioner pled guilty in the Superior Court of Montgomery County to two counts of obtaining property by false pretenses as a habitual felon and was sentenced to a consolidated term of 77 to 105 months imprisonment. (Docket Entry 1, §§ 1-6; Ex. 1, Docket Entry 7-2; Ex. 2, Docket Entry 7-3.) Petitioner initially appealed to the North Carolina Court of Appeals but withdrew her appeal upon advice of her appellate counsel so that she could file a post-conviction motion for appropriate relief (MAR). (Docket Entry 1, § 9(f); Ex. 5, Docket Entry 7-6.) Petitioner did not file a MAR, but instead filed this federal habeas petition on July 31, 2019. (Docket Entry 1.)

On August 22, 2019, the Court ordered that this action be stayed for 60 days to permit Petitioner to exhaust her state court remedies and either notify the Court that this has been done or that more time was needed for exhaustion. (Docket Entry 10 at 2.) The Court warned Petitioner that failure to comply with this order might result in dismissal without prejudice of this action. (*Id.*) Over 60 days have elapsed and Petitioner has not complied with the order.

## **Petitioner's Grounds**

Petitioner contends that she was forced by her attorney to plead guilty while intoxicated. (Docket Entry 1, § 12(a).) In her response, Petitioner alleges further that her attorney threatened to "make sure" Petitioner would lose custody of her son if she did not plead guilty. (Docket Entry 9 at 1-6.) The Court interprets Plaintiff's filings as raising two grounds for relief: she allegedly received ineffective assistance of council and entered an involuntary guilty plea.

## **Discussion**

Respondent argues that Petitioner has failed to exhaust her state remedies and that Respondent has not waived non-exhaustion. (Docket Entry 7 at 5-6.) The Court agrees that Plaintiff has not exhausted her state remedies.[1]

---

[1] Though Petitioner has not exhausted her state remedies, Respondent requests that the Court exercise its discretion and deny her petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), "because Petitioner's [grounds for relief are] belied by the transcript of the plea and [are] without merit." (Docket Entry 7 at 5.) However, much of Respondent's argument relies on a "Transcript of Plea" form signed by Petitioner. (Ex. 1, Docket Entry 7-2.) Yet, it appears in the form that Petitioner or her attorney, when asked the question "Are you now under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances?" wrote "yes," and then crossed out the answer and wrote "no." (*Id.* ¶ 4(a).) A factual record may need to be more fully developed in this matter and Petitioner should have the opportunity to develop it by properly filing a MAR in state court.

2

To receive habeas relief, a petitioner must first exhaust her state court remedies. 28 U.S.C. § 2254(b)(1)(A).[2] The rationale for this requirement is as follows:

> [b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing [her] conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a [motion for appropriate relief ("MAR")] and petitioning the North Carolina Court of Appeals for a writ of certiorari." *Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, at *4, n.4 (M.D.N.C. Apr. 14, 2014) (unpublished) (citing N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422).

Petitioner has failed to exhaust her state court remedies. She directly appealed her conviction in state court but withdrew that appeal. (Docket Entry 7-6.) She also failed to file a MAR in state court before filing here. Even when this Court provided her an additional sixty days to exhaust her state remedies (Docket Entry 10 at 2), Petitioner has failed to inform the Court of any action taken on her part.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus (Docket Entry 1) be **DISMISSED** without prejudice as unexhausted.

---

[2] Alternative, a petitioner may seek habeas relief where "there is an absence of an available state corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B). Petitioner does not raise an argument under either of these provisions.

3

**IT IS FURTHER RECOMMENDED** that Respondents' Motion for Summary Judgment (Docket Entry 6) be **DENIED** as moot.

_____
**Joe L. Webster**
**United States Magistrate Judge**

August 11, 2020